UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALLUM SAVAKUS-MALONE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CLASS AND COLLECTIVE ACTION |
| v. | ) ) | CASE NO. _____ |
| PIRAMAL CRITICAL CARE, INC., MASIS STAFFING SOLUTIONS, LLC, and DOES 1-10, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, CALLUM SAVAKUS-MALONE ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendant, PIRAMAL CRITICAL CARE, INC. ("Piramal"), Defendant MASIS STAFFING SOLUTIONS ("Masis Staffing"), and DOES 1-10 ("Does Defendant," all collectively, "Defendants") individually and on behalf of all similarly situated individuals and states as follows:

## INTRODUCTION

1.     This is a Class and Collective Action brought by Plaintiff on his own behalf and on behalf of all similarly situated current and/or former employees of Defendant to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Pennsylvania's Wage Payment And Collection Law ("WPCL"), 43 Pa. Stat. § 260.1, *et seq.*, and other appropriate rules, regulations, statutes, and ordinances.

2.     Defendant Piramal is a Delaware corporation with its U.S. headquarters located in Bethlehem, Pennsylvania. Piramal advertises itself as "the third largest producer of inhaled

1

anesthetics" who "deliver[s] critical care solutions for patients and healthcare providers across the globe . . ." and claims its "core strength lies in our highly qualified global workforce of more than 400 employees across 16 countries." [1]

3.　　Defendant Masis Staffing is a Massachusetts limited liability company with its headquarters located in Worcester, MA. Masis Staffing claims, among other things, that the company has "designed innovative ways that can save our clients on labor spend, increase productivity and motivate staff."[2]

4.　　Based on information and belief, Masis Staffing contracted with Piramal to provide Piramal with employees on a temporary basis.

5.　　At all relevant times and based on information and belief, Masis Staffing and Piramal were joint employers of Plaintiff as it is defined in the FLSA. *See* 29 C.F.R. § 791.2.

6.　　Plaintiff Savakus-Malone was employed as a Production Operator at Piramal from April 23, 2018 to July 20, 2018. Plaintiff was compensated for his work as a Production Operator by Piramal at an hourly rate of $19.80 per hour. During the time he worked for Piramal, Plaintiff regularly worked in excess of forty (40) hours per workweek. Plaintiff was never paid overtime by Piramal for any hours worked in excess of forty (40) hours in one workweek.

7.　　Plaintiff was instructed by Piramal to be present at his job site 15 minutes before the start of his shift to don safety and protective gear that was necessary for the performance of his job. Plaintiff was also held after his shift approximately 15 minutes for the purposes of removing safety and protective gear. Although Plaintiff's true clock-in and clock-out times were recorded

---

[1] *About*, Piramal Critical Care, http://www.piramalcriticalcare.com/about/ (last visited October 16, 2018).
[2] *What We Do*, Masis Staffing, https://masisstaffing.com/what-we-do/ (last visited October 16, 2018).

via a fingerprint scanner, Piramal later altered Plaintiff's clock-in and clock-out times to remove time Plaintiff spent donning and doffing his protective gear.

8.      Furthermore, Plaintiff was often instructed by Piramal to forego his unpaid meal breaks because there was no employee available to cover Plaintiff's work while he was on break. Despite the fact that Plaintiff never took a meal break on most days, Piramal altered Plaintiff's compensable hours to automatically deduct a thirty-minute lunch break from each working day.

9.      Piramal maintained a policy and practice of not compensating its employees for time spent donning and doffing mandatory protective gear and maintained a policy and practice of subtracting unused meal break time from employees' time sheets. This resulted in Plaintiff and other similarly situated former and/or current employees not being paid for all time worked and for all of their overtime in violation of the FLSA.

10.      Piramal knew or could have easily determined its employees' pre-shift and post-shift work performed donning and doffing their safety and protective gear, and could have easily kept track of dates and times it required its employees forgo meal breaks. Piramal could have properly compensated Plaintiff and other similarly situated former and/or current employees, but did not.

11.      Time spent donning and doffing mandatory work protective gear is compensable time under the FLSA. *See IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005). As such, Piramal was and is required to pay its employees for all time spent donning and doffing its required protective gear.

12.      Additionally, the FLSA requires Defendant to maintain "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities . . . ." 29 C.F.R. § 516.2.

13.      Plaintiff brings this action on behalf of himself, and all other similarly situated

hourly employees of Defendant Piramal, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

15.     This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

16.     Upon information and belief, Piramal's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Piramal's employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

17.     Upon information and belief, Masis Staffing's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Masis Staffing's employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

18.     This Court has supplemental jurisdiction over the Pennsylvania state law wage and hour class pursuant to 28 U.S.C. § 1367 because all Pennsylvania state law wage and hour claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

19.     This Court has personal jurisdiction over Defendant Piramal because it is

headquartered within the State of Pennsylvania, does business within the State of Pennsylvania, and is registered with the Pennsylvania Secretary of State.

20.     This Court has personal jurisdiction over Defendant Masis Staffing because the company does business within the State of Pennsylvania, is registered with the State of Pennsylvania, and avails itself of business with companies located within he State of Pennsylvania.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant employs personnel in this District, and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

22.     Plaintiff, Callum Savakus-Malone, is an individual who resides in the County of Northampton, City of Bethlehem, Pennsylvania. Plaintiff was employed by Defendant Piramal and Defendant Masis Staffing as an hourly Production Operator from approximately April 2018 to July 2018. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and his Consent to Sue is attached hereto as Exhibit A.

23.     Defendant Piramal is a Delaware corporation headquartered in Bethlehem, Pennsylvania and licensed to conduct business in Pennsylvania. Piramal is a significant producer of "inhalation anesthetics, injectable pain and anesthesia drugs, Intrathecal Baclofen therapy for spacity management, and plasma volume expanders."[3] Piramal is part of a larger collection of companies—called Piramal Group—which is comprised of "more than 10,000 people from around the world."[4]

24.     Piramal is registered to do business within the State of Pennsylvania and is

---

[3] *About*, Piramal Critical Care, http://www.piramalcriticalcare.com/about/ (last visited October 16, 2018).
[4] *Id.*

registered as a foreign corporation with the Pennsylvania Secretary of State. Piramal can be served through its Registered Agent, CT Corporation Systems, Inc., located at 100 S. 5th Street, #1075, Minneapolis, Pennsylvania 55402.

25.     Defendant Masis Staffing is a Massachusetts-based limited liability company headquartered in Worcester, Massachusetts and licensed to conduct business in Pennsylvania. Masis Staffing provides labor staffing for its clients, including Defendant Piramal.

26.     Defendant Masis Staffing is registered to do business within the State of Pennsylvania and is registered as a foreign corporation with the Pennsylvania Secretary of State. Masis Staffing can be served at its Lancaster, PA office, located at 2938 Columbia Avenue, Suite 1202, Lancaster PA 17601.

27.     Plaintiff does not know the true names and capacities, whether individual, partner, or corporate, of the Defendants sued herein, and for that reason, Defendants are sued under such fictitious names DOES 1-10. Plaintiff will seek leave from this Court to amend this Complaint when the true names and capacities of the Defendant are discovered.

28.     Plaintiff is informed and believes, and alleges thereon, that at all relevant times, each of the Defendants, including DOE Defendants, whether individual, partner, or corporate, was and is responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiff's and the similarly situated class, to be subject to the unlawful acts and practices complained of herein.

29.     At all times relevant, Defendants, including DOE Defendants, were members of, and engaged in, a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership or common enterprise.

## GENERAL ALLEGATIONS

30.     On or around April of 2018 Plaintiff was offered, and accepted, the opportunity to work for Defendant Piramal as a Production Operator at Piramal's Bethlehem, PA facility. The opportunity was offered to Plaintiff through Defendant Masis Staffing, a staffing company which specializes in placing workers in light industrial, clerical, and professional services positions.[5]

31.     Plaintiff was employed by Defendant Piramal as a Production Operator from April 2018 to July 2018. Plaintiff was paid on an hourly basis. Plaintiff's hourly rate was $19.80 per hour.

32.     Plaintiff's primary job duties as a Production Operator included, but were not limited to, mixing chemicals in large vessels, monitoring the reaction process, refilling raw material storage tanks, moving transfer tanks with industrial equipment, and delivering finished goods.

33.     Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of worked forty (40) hours per week. *See, e.g.,* Plaintiff's electronic timesheet from May 14, 2018 to May 27, 2018, attached hereto as Exhibit B.

34.     Whether Plaintiff's total workweek hours were forty (40) or in excess of forty (40), Plaintiff was regularly required to work a substantial amount of time off-the-clock donning and doffing his protective gear as part of his job as a Production Operator. Plaintiff was never compensated for this time.

35.     29 C.F.R. § 553.221 provides:

> Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, such as attending roll call, writing up and completing tickets or

---

[5] *What We Do*, Masis Staffing Solutions, https://masisstaffing.com/what-we-do/ (last visited October 18, 2018).

reports, and washing and re-racking fire hoses.

36.     29 C.F.R. § 790.8 provides: "[a]mong activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance."

### A.    Unpaid Donning and Doffing of Protective Gear.

37.     Defendant Piramal required Plaintiff and other similarly situated former and/or current employees to allot time before their shift at their job site to don safety gear necessary for performing the tasks required of Production Operators. Specifically, Piramal required Plaintiff to don work boots, nitrile gloves, face masks, respirators, safety glasses, and/or a work uniform before the start of his shift. Plaintiff spent approximately 15 minutes before the start of each shift donning his protective gear.

38.     Likewise, Plaintiff was required to remove his work boots, nitrile gloves, face mask, respirator, safety glasses, and/or work uniform at the end of every shift. Plaintiff spent approximately 15 minutes after each shift removing his protective gear.

39.     Safety gear was at all times kept on Piramal's premises.

40.     Piramal did not consider time spent donning and doffing mandatory safety and protective gear as compensable time; thus, Plaintiff and other similarly situated former and/or current employees were not paid for their time spent donning and doffing the mandatory safety and protective gear.

41.     In order for Plaintiff to perform his job, the pre-shift procedure of arriving to Piramal's facility to change into his protective gear was integral and indispensable to Piramal's business and integral and indispensable to the performance of the Production Manager role.

42.     At all times relevant to this Complaint, Piramal suffered or permitted Plaintiff and other similarly situated former and/or current employees to routinely perform off-the-clock

donning and doffing of protective gear by manually changing Plaintiff's clock in and clock out times. By altering Plaintiff's clock in and clock out time, and by altering the clock in and clock out times for all other similarly situated former and/or current employees, Piramal refused to recognize pre- and post-shift donning and doffing time as compensable.

43.     Piramal willfully engaged in the policy and practice of discounting Plaintiff's, and other similarly situated former and/or current employees', compensable hours despite having record of the employees' *actual* start times via Piramal's fingerprint clock-in and clock-out system that required employees to scan their fingerprints to be allowed access into the building while he or she worked.

44.     Piramal knew or should have known that its employees are required to be paid for all compensable time throughout the workweek. Further, Piramal knew or should have known that their employees do, in fact, perform compensable pre- and post-shift work as 29 C.F.R. § 553.221 and C.F.R. § 790.8 provides.

45.     Despite this, Piramal failed to compensate its employees for pre- and post-shift working time. When the unpaid time Plaintiff worked is added to the paid time Plaintiff worked, Plaintiff's working hours are in excess of forty (40) hours per week.

46.     Piramal knew or should have known that, under the FLSA, Plaintiff should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which he was employed for all compensable pre-shift time for workweeks in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

47.     Despite this, Piramal failed to pay overtime at one and one-half times the regular rate for Plaintiff's pre-and post-shift compensable time.

48.     In reckless disregard of the FLSA, Piramal adopted and then adhered to their policy

and plan of employing Plaintiff to perform work without compensation. This policy resulted in Plaintiff and other similarly situated former and/or current employees not being paid for all time worked, and resulted in Plaintiff and other similarly situated former and/or current employees not being paid overtime for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

49.     At all relevant times Defendant Masis Staffing knew or should have known that Plaintiff was being made to work off-the-clock before and after his shifts and further working in excess of forty (40) hours per week without overtime compensation as required by the FLSA.

### B.     Unpaid Lunch Breaks.

50.     Upon information and belief, Plaintiff and other similarly situated former and/or current employees were required to obtain "coverage" for their duties while taking meal or other breaks. If there was no employee available to cover Plaintiff's job duties during a meal break, Plaintiff was not allowed to take a meal break and was required to work during the time he would have been on break. Plaintiff was unable to obtain coverage for his duties a majority of the days he worked for Piramal.

51.     Upon information and belief, Piramal maintained a policy and practice of automatically deducting a thirty-minute meal break per day from its employees' compensable hours. On days in which Plaintiff never took a meal break Piramal would still automatically deduct a thirty-minute meal break from Plaintiff's daily compensable hours.

52.     At all times relevant to this Complaint, upon information and belief Piramal suffered or permitted Plaintiff and other former and/or current similarly situated employees to routinely perform work for which they were not compensated. Piramal knew or should have known that their employees are required to be paid for all hours worked throughout the workweek.

Further, Piramal knew or should have known that Plaintiff and other employees were forgoing meal breaks.

53.     Upon information and belief, Piramal subtracted, across the board, thirty minutes from each employee's compensable daily hours. Piramal failed to compensate its employees for their time spent working during meal breaks.

54.     In reckless disregard of the FLSA, Piramal adopted and then adhered to their policy and plan of automatically subtracting thirty minutes from Plaintiff's and all other similarly situated former and/or current employee's compensable time. This policy resulted in Plaintiff and other similarly situated former and/or current employees not being paid for all time worked, and resulted in Plaintiff and other similarly situated former and/or current employees not being paid overtime for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

55.     At all relevant times Defendant Masis Staffing knew or should have known that Plaintiff was working without compensation during his lunch breaks and further working in excess of forty (40) hours per week without overtime compensation as required by the FLSA.

### C.     *Employee Records*

56.     29 C.F.R § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

57.     The employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. 29 C.F.R § 516.2.

58.     Upon information and belief Defendant Piramal altered Plaintiff's compensable hours and thus failed to maintain and preserve accurate timesheet and payroll records as required by 29 C.F.R § 516.2.

59.     Upon information and belief Defendant Masis Staffing knew, or should have known, of Piramal's policy and practice of altering its employees' time cards.

60.     When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

61.     The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. While damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

**D.     Joint Employer.**

62.     The FLSA defines "employer" broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Furthermore, "[w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control with the employee, directly or indirectly" a joint employment relationship may be found to exist. 29 C.F.R. § 791.2.

63.     The Third Circuit has held "where two or more employers exert significant control over the same employees — [whether] from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment — they constitute 'joint employers' under the FLSA." *N.L.R.B. v. Browning-Ferris Industries of Pennsylvania, Inc.*, 691 F.2d 117, 1124 (3rd Cir. 1982).

64.     Where joint employment exists, each employer has a duty to ensure that the rights provided by the FLSA are enforced as to each employee affected by the joint employment. 29 C.F.R. § 791.2.

65.     Upon information and belief, Defendant Masis facilitated screening, hiring, and payment of Plaintiff during the time he worked for Defendant Piramal.

66.     Upon information and belief, Defendant Masis and Defendant Piramal were members of, and engaged in, a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership or common enterprise in employing Plaintiff.

67.     Further, Plaintiff is informed and believes, and alleges thereon, that at all relevant times, each of the Defendants, including DOES Defendants, whether individual, partner, corporate, was and is responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiff to be subject to the unlawful acts and practices complained of herein.

68.     At all times relevant, Defendants, including DOES Defendants, were members of, and engaged in, a joint venture, partnership, and common enterprise, and were acting within the course and scope of, an in pursuance of said joint venture, partnership or common enterprise.

69.     Defendants knew or should have known that, as joint employers, each of the Defendants had a duty to comply with the provisions of the FLSA.

70.     Together Defendants willfully, or in reckless disregard, furthered policies and practices with respect to off-the-clock donning and doffing time and automatic meal time deductions to evade paying employees, including Plaintiff, at the overtime rate of one and one-half times their standard pay, in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> All current and former Production Operators or other job titles performing similar job duties employed by Piramal Critical Care, Inc., Masis Staffing, and/or DOES 1-10, who engaged in pre-shift uniform donning and/or post-shift uniform doffing at any time during the last three years.

72.     Plaintiff does not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were paid for forgone meal breaks, pre-shift uniform donning time, or post-shift uniform doffing time.

73.     *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Piramal's policies of not paying their employees overtime at a rate of one-and-one-half times their regular rate for all compensable time worked); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Piramal and every putative Class

member is exactly the same and differs only by name, location, and rate of pay.

74.     Upon information and belief, there are numerous other similarly situated current and/or former Production Operators or other job titles performing similar job duties who performed off-the-clock work during foregone meal breaks, pre-shift uniform donning time, and post-shift uniform doffing time who were not compensated at the proper legal rate for each hour worked and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Piramal's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

75.     Plaintiffs share the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

## CLASS ACTION ALLEGATIONS

76.     Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class of Pennsylvania workers who worked at the Bethlehem, Pennsylvania facility (the "Pennsylvania Class") for violation of Pennsylvania's Wage Payment and Collection Law ("WPCL"), defined to include:

> All current and former Production Operators or other job titles performing similar job duties employed by Piramal Critical Care, Inc., Masis Staffing, and/or DOES 1-10, who engaged in pre-shift uniform donning and/or post-shift uniform doffing at any time during the last three years.

Plaintiff reserves the right to amend the putative class definition as necessary.

77.     *Numerosity:* The members of the Pennsylvania Class are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of Class members should be readily

available from a review of Piramal's personnel and payroll records. On information and belief, Piramal employed approximately seventy-five (75) employees who were required to don and doff protective gear. Over the course of the class period, it is anticipated that the number of impacted employees likely exceeds several hundred.

78.     *Commonality/Predominance:*   There is a well-defined community of interest among Pennsylvania Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a.     Whether the time the Pennsylvania Class members spend on pre-shift uniform donning and post-shift uniform doffing is compensable under Pennsylvania's Wage Payment and Collection law (WPCL);

b.     Whether Defendants violated the WPCL through their pay practices;

c.     Whether Defendants violated the WPCL by failing make, keep, and preserve true and accurate payroll records;

d.     Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the WPCL, and

e.     Whether Defendants' violations of the WPCL were willful.

79.     *Typicality:*  Plaintiff's claims are typical of those of the Pennsylvania Class in that Plaintiff and all other members suffered damages as a direct and proximate result of Piramal's common and systemic payroll policies and practices. Plaintiff's claims arise from the same Piramal's policies, practices, and course of conduct as all other Pennsylvania Class members' claims and Plaintiff's legal theories are based on the same legal theories as all other Pennsylvania Class members: whether all Class members were employed by Piramal on an hourly basis without receiving compensation for "off-the-clock" wages owed for that work.

80.   *Adequacy:*   Plaintiff will fully and adequately protect the interests of the Pennsylvania Class and Plaintiff retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his counsel has interests that are contrary to, or conflicting with, the interests of the Pennsylvania Class.

81.   *Superiority:*   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible Pennsylvania Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

82.   The case will be manageable as a class action. Plaintiff and his counsel know of no unusual difficulties in the case and Defendants have payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

## RETALIATION ALLEGATIONS

83.   Shortly after Plaintiff received his first paycheck, Plaintiff asked his supervisors at Piramal about not getting paid for pre- and post-shift donning and doffing time, erroneous meal break deductions, and Piramal's practices of altering the fingerprint clock-in and clock-out times.

84.   As a result of Plaintiff's attempt to protect his rights and be properly compensated under the FLSA and Pennsylvania's WPCL, and due to the complaints he made, Piramal terminated Plaintiff's employment on July 20, 2018.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,

## 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

85.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

86.     At all times relevant to this action, Defendants were "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

87.     Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

88.     At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

89.     Plaintiff is either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

90.     The position of Production Operator is not exempt from the FLSA.

91.     Employees of Defendants who hold other job titles but perform duties similar to that of a Production Operator are not exempt from the FLSA.

92.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" his within the meaning of the FLSA, 29 U.S.C. § 203(g).

93.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. 29 U.S.C. § 206(b).

94.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

95.     Defendants violated the FLSA by failing to compensate Plaintiff for all hours worked and by failing to pay Plaintiff the federally mandated overtime premium for all hours

worked in excess of forty (40) hours per workweek.

96. Upon information and belief, Piramal has corporate policies and practices of evading paying their employees for all compensable time worked, including evading paying employees for pre-shift uniform donning and post-shift uniform doffing time as well as forgone meal breaks.

97. Defendants' violations of the FLSA were knowing and willful.

98. By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for off-the-clock work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated employees are victims of a uniform and company-wide policies which operate to compensate employees at a rate less than the federally-mandated overtime wage rate. These uniform policies, in violation of the FLSA, have been, and continues to be, applied to all employees who have worked or are working for Piramal in the same or similar position as Plaintiff.

99. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## U.S.C. § 215(a)(3), RETALIATION

100. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

101. Section 15(a)(3) of the FLSA provides that it is a violation for any person "to discharge or in any manner discriminate against any employee because such employee has filed

any complaint or instituted or cause to be instituted any proceedings under or related to this chapter".

102.    Retaliation requires a complaint to an employer "be sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

103.    Here, Plaintiff engaged in protected activity when he complained to his supervisors at Piramal, on numerous occasions, about Defendants' illegal pay practices. As a result of Plaintiff's attempt to protect his rights and be properly compensated under the FLSA and the WPCL and due to the complaints he made, Piramal terminated Plaintiff's employment on July 20, 2018.

104.    As a result of Piramal's retaliation, Plaintiff has suffered and will continue to suffer damages.

**COUNT III**
**(Pennsylvania Class Action)**
**VIOLATIONS OF PENNSYLVANIA'S WAGE PAYMENT AND COLLECTION LAW**
**(WPCL), 43 Pa. Stat. § 260.1, *et seq.*, FAILURE TO PAY WAGES**

105.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

106.    At all times relevant to the action, Defendants were employers within the meaning of Pennsylvania's WPCL. 43 Pa. Stat. § 260.2a.

107.    Pennsylvania's Wage Payment and Collection Law (WPCL) entitles employees to compensation for every hour worked in a workweek and requires every employer to pay all wages earned, including overtime wages, within 15 days from the end of each pay period. 43 Pa. Stat. § 260.3(a).

108.    Defendants violated the WPCL by regularly and repeatedly failing to compensate Plaintiff and the Pennsylvania Class for the time spent donning and doffing protective gear pre- and post-shift, as described in this Complaint.

109.    Defendants further violated the WPCL by regularly and repeatedly failing to compensate Plaintiff and the Pennsylvania Class for forgone meal breaks, as described in this Complaint.

110.    Defendants' actions were willful and not the result of mistake or inadvertence.

111.    As a result, Plaintiff and the Pennsylvania Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Pennsylvania Class are entitled to recover unpaid wages owed, plus costs and attorney fees, and other appropriate relief under the WPCL at an amount to be proven at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Certifying this case as a class action pursuant to Rule 23(b)(2) and (b)(3) with respect to the Pennsylvania state law claims set forth above;

c.    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective Class members, and permitting Plaintiff to send notice of this action to all similarly situated employees, including the publishing of notice in a manner that is reasonably calculated to apprise said employees of their rights by law to join and participate in this lawsuit;

d.    Designating Named Plaintiff as the FLSA Collective Class Representative;

e.    Designating Named Plaintiff as the Pennsylvania Class Action Representative;

f.    Appointing undersigned counsel as FLSA Collective Class counsel with respect to Plaintiff's FLSA claims;

g.  Appointing undersigned counsel as Pennsylvania Class counsel with respect to Plaintiff's Pennsylvania class action claims;

h.  Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

i.  Declaring that Defendants willfully violated the WPCL and its attendant regulations as set forth above;

j.  Declaring that Defendants violated their obligations under the FLSA;

k.  Declaring that Defendants violated their obligations under the WPCL;

l.  Awarding all legal and equitable relief to Plaintiff under the WPCL;

m.  Granting judgment in favor of Plaintiff and against Defendants and awarding the amount of unpaid off-the-clock overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the FLSA Class;

n.  Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff and awarding Plaintiff and the class members all other available compensatory damages available by law;

o.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

p.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

q.  Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: November 21, 2018

Respectfully submitted,

Thomas R. Anapol (Pa. Bar No.62121)
tanapol@anapolweiss.com
Anapol Weiss, PC
130 N. 18th Street, Suite 1600

Philadelphia PA 19103
215.735.1130

Shayna Slater (Pa. Bar No. 311007)
sslater@anapolweiss.com
Anapol Weiss, PC
130 N. 18th Street, Suite 1600
Philadelphia PA 19103
215.735.1130


Jacob R. Rusch (MN Bar No. 39189)
Jennell K. Shannon (MN Bar No. 0398672)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com
jshannon@johnsonbecker.com

*Counsel for Plaintiffs*