UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALLUM SAVAKUS-MALONE, individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : PIRAMAL CRITICAL CARE, INC., : MASIS STAFFING SOLUTIONS, : LLC, and DOES 1-10, : : Defendants. : | Civil Action No.: 5:18-cv-05063-JFL |

**JOINT STIPULATION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

This Joint Stipulation for Approval of Settlement and Dismissal with Prejudice (the "Agreement") is entered into by and between Named Plaintiff Callum Savakus-Malone (the "Named Plaintiff") and the Opt-In Plaintiffs Thomas Askew, Harry Dorney, Frank Philhower, and Edwin Heffner, for themselves individually (collectively, "Plaintiffs"), as well as their spouse (if any), beneficiaries, heirs, administrators, executors, assigns, agents, and representatives, on the one hand; and Piramal Critical Care, Inc. ("Piramal") and Masis Staffing Solutions ("Masis") (collectively referred to as "Defendants"), on the other hand. Plaintiffs and Defendants shall be referred to collectively herein as "the Parties."

**RECITALS**

WHEREAS, the Named Plaintiff filed a lawsuit against Defendants in the United States District Court for the Eastern District of Pennsylvania entitled *Savakus-Malone v. Piramal Critical Care, Inc., Masis Staffing Solutions, et al,* 5:18-cv-05063 (referred to herein as the "Litigation") in which he claims that Defendants owe him wages and overtime compensation under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and various provisions of the Pennsylvania Minimum Wage Act ("PMWA"); and

WHEREAS, Edwin Heffner, Thomas Askew, Harry Dorney and Frank Philhower (referred to collectively with Named Plaintiff as "Plaintiffs") filed consents to join this Litigation with the Court on December 27, 2019 (Hefner), December 31, 2019 (Askew) and January 15, 2020 (Dorney and Philhower) respectively; and

WHEREAS, Plaintiffs allege that they spent 30 minutes per shift donning and doffing protective equipment for which they were not compensated and that they occasionally worked through meal periods but were not paid for that time;

WHEREAS, Named Plaintiff alleges that his employment was terminated in retaliation for complaining about his compensation;

WHEREAS, Defendants deny all of the allegations made by the Plaintiffs in the Litigation and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation.  Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, on May 5, 2020, the Parties participated in a settlement conference before the Honorable Henry S. Perkin, and reached an accord resulting in this Agreement.  Judge Perkin concluded that the settlement was fair and reasonable; and

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto jointly stipulate and agree as follows:

1. That this matter is resolved pursuant to the terms of the "Settlement Agreement and Release attached hereto as Exhibit A;

2. The Parties and the Court have scrutinized the terms of the settlement and having considered many factors including but not limited to the complexity of the litigation, comparison of the proposed settlement with the likely result of litigation, experience of class counsel, scope of discovery preceding settlement, and the ability of the defendant to satisfy a greater judgment find it to be a fair and reasonable resolution of a bona fide dispute; and

3. Plaintiffs' claims are therefore dismissed with prejudice.

Dated: July 9, 2020

**JOHNSON BECKER, PLLC**

/s/Jacob R. Rusch
Jacob R. Rusch (MN Bar No. 39189), *Admitted Pro Hac Vice*
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com
*Attorneys for Plaintiff*

**JACKSON LEWIS, P.C.**

/s/ Stephanie J. Peet
Stephanie J. Peet (PA 91744)
Christopher J. Stevens (*pro hac vice*)
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
stephanie.peet@jacksonlewis.com
christopher.stevens@jacksonlewis.com

*Attorneys for Defendant*
*Piramal Critical Care, Inc.*

**THOMPSON, COE, COUSINS & IRONS, LLP**

/s/ Kevin M. Mosher
Kevin M. Mosher (MN #0321898)
The Historic Hamm Building, Suite 510
408 St. Peter St.
St. Paul, MN 55102
T: (651) 389-5099
kmosher@thompsoncoe.com

**LITCHFIELD CAVO LLP**

/s/ *Joel I. Fishbein* (#57550)
1515 Market Street, Suite 1220
Philadelphia, PA 19102
T: (215) 557-0111
jfishbein@litchfieldcavo.com

**IT IS SO ORDERED.**

/s/ Joseph F. Leeson, Jr.

**U.S. District/Magistrate Judge**
JOSEPH F. LEESON, JR.
United States District Judge

Dated: July 10, 2020

# EXHIBIT "A"

**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO FRE 408**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALLUM SAVAKUS-MALONE, individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : PIRAMAL CRITICAL CARE, INC., : MASIS STAFFING SOLUTIONS, : LLC, and DOES 1-10, : : Defendants. : | Civil Action No.: 5:18-cv-05063-JFL |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between Named Plaintiff Callum Savakus-Malone (the "Named Plaintiff") and the Opt-In Plaintiffs Thomas Askew, Harry Dorney, Frank Philhower, and Edwin Heffner, for themselves individually (collectively, "Plaintiffs"), as well as their spouse (if any), beneficiaries, heirs, administrators, executors, assigns, agents, and representatives, on the one hand; and Piramal Critical Care, Inc. ("Piramal") and Masis Staffing Solutions ("Masis") (collectively referred to as "Defendants"), on the other hand. Plaintiffs and Defendants shall be referred to collectively herein as "the Parties."

**RECITALS**

WHEREAS, the Named Plaintiff filed a lawsuit against Defendants in the United States District Court for the Eastern District of Pennsylvania entitled *Savakus-Malone v. Piramal Critical Care, Inc., Masis Staffing Solutions, et al*, 5:18-cv-05063 (referred to herein as the "Litigation") in which he claims that Defendants owe him wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and various provisions of the Pennsylvania Minimum Wage Act ("PMWA"); and

WHEREAS, Edwin Heffner, Thomas Askew, Harry Dorney and Frank Philhower filed consents to join this Litigation with the Court on December 27, 2019 (Hefner), December 31, 2019 (Askew) and January 15, 2020 (Dorney and Philhower) respectively; and

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as hereinafter defined) between Plaintiffs and Defendants, including any and all claims asserted (or that could have been asserted) in the Litigation; and

**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO FRE 408**

WHEREAS, Defendants deny all of the allegations made by the Plaintiffs in the Litigation and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, on May 5, 2020, the Parties participated in a settlement conference before the Honorable Henry S. Perkin, and reached an accord resulting in this Agreement; and

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, and that there was a risk of future decertification, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1. **TERMS OF SETTLEMENT**

    1.1. **Joint Stipulation for Approval of Settlement and Dismissal with Prejudice.** Within ten (10) business days of the Parties' execution of this Settlement Agreement, the Parties will file a Joint Stipulation for Approval of Settlement and Dismissal with Prejudice, requesting that the Court approve the settlement of these FLSA claims and dismiss Plaintiffs' claims with prejudice. The Court shall retain jurisdiction to enforce the terms of the settlement. In the event this Settlement Agreement is not finally approved by the Court, the Parties will work together in good faith to structure an agreement that will meet Court approval. If they are unable to do so, this Settlement Agreement will no longer have any effect, the settlement payment shall remain property of Defendants and the Parties' litigation positions will revert to the status quo ante before execution of this Settlement Agreement with no waiver, in any way, of their claims or defenses in this Action, including, but not limited to, defenses to the merits of Plaintiffs' claims and to collective action treatment.

    1.2. **Payment By Defendants.** Provided Plaintiffs have delivered to Jackson Lewis, P.C., attn.: Stephanie Peet, 1601 Cherry Street, Suite 1350, Philadelphia, PA, counsel for Piramal the following items: (1) a completed IRS Form W-9 and wire instructions for Plaintiffs' counsel; and (2) a fully executed copy of this Settlement Agreement and Release, executed by Representative Plaintiff Callum Savakus-Malone, Defendants will provide to Plaintiffs' Counsel a payment in an amount totaling Sixty-Five Thousand Dollars and No Cents ($65,000.00) as follows:

1.2.1. The amount of Thirty-Two Thousand One Hundred and Seventy-Five Dollars and Thirty-Six Cents ($32,175.36) payable to Plaintiffs' counsel, issued on a Form 1099, which shall represent payment for fees and case expenses incurred by Plaintiffs' counsel.

1.2.2. The amount of Seventeen Thousand Two-Hundred and Seventy-Eight Dollars and Forty-Four Cents to Callum Savakus- Malone, broken down as follows:

a. Two Hundred and Seventy-Eight Dollars and Forty-Four Cents ($278.44) shall constitute back wages, issued via a Form W-2 and shall be subject to all applicable withholdings.

b. Fourteen Thousand Five Hundred Dollars and No Cents ($14,500.00) shall be allocated to the resolution of Plaintiff's retaliation claim, and Two Thousand Five Hundred Dollars and No Cents ($2,500.00) shall be allocated to an award for serving as Class Representative. The $14,500.00 allocated to the retaliation claim shall be issued in two equal checks of $7,250.00. One shall be issued with a Form W-2, subject to withholdings, and the other shall be issued with a Form 1099. The $2,500.00 award for serving as a Class Represented shall be included in the check issued with a Form 1099, bringing the total amount of that check to $9,750.00.

1.2.3. The amount of Three Thousand Nine-Hundred and Ninety-Two Dollars and Forty-Eight Cents ($3,992.48) to Opt-In Plaintiff Thomas Askew; fifty percent (50%) of which will be allocated to back wages, issued via Form W-2 and subject to all applicable withholdings, and fifty percent (50%) of which shall be issued via Form 1099.

1.2.4. The amount of Three Thousand Five Hundred and Ninety-Two Dollars and Eighteen Cents ($3,592.18) to Opt-In Plaintiff Harry Dorney; fifty percent (50%) of which will be allocated to back wages, issued via Form W-2 and subject to all applicable withholdings, and fifty percent (50%) of which shall be issued via Form 1099.

1.2.5. The amount of Two Thousand Nine Hundred and Fifty Dollars and Thirty-Seven Cents ($2,950.37) to Opt-In Plaintiff Frank Philhower; fifty percent (50%) of which will be allocated to back wages, issued via Form W-2 and subject to all applicable withholdings, and fifty percent (50%) of which shall be issued via Form 1099.

1.2.6. The amount of Five Thousand and Eleven Dollars and Seventeen Cents ($5,011.17) to Opt-In Plaintiff Edwin Heffner; fifty percent (50%) of which will be allocated to back wages, issued via Form W-2 and subject to all applicable withholdings, and fifty percent (50%) of which shall be issued via Form 1099.

1.2.7. In total, the gross total amount paid to all Plaintiffs combined equals Thirty-Two Thousand Eight Hundred and Twenty-Four Dollars and Sixty-Four Cents ($32,824.64) before any legally required withholdings.

1.2.8. The total amount that Defendants will cause to be paid to Plaintiffs and Plaintiffs' Counsel pursuant to this Settlement Agreement is Sixty-Five Thousand Dollars and No Cents ($65,000.00).

1.2.9. Defendants shall issue such payments within thirty (30) business days after the date the Court approves the Parties' Joint Stipulation for Settlement Approval. Plaintiffs' Counsel will distribute the settlement checks to Plaintiffs with 5 (five) business days after their receipt from Defendants.

**1.3.** **Payment of Attorneys' Fees and Costs.** Defendants are responsible for their own attorneys' fees and costs. Plaintiffs' attorneys' fees and costs will be paid as set forth in Section 1.2.1 above within thirty (30) days after the Settlement Agreement is approved by the Court. Only fees approved by the Court will be paid by Defendants. In the event that the Court reduces those fees, only the reduced/approved amount will be paid. This Agreement shall otherwise survive and be unaffected by any reduction to Plaintiff's attorneys' fees and costs.

**1.4** **Class Representative Payment**. Callum Savakus Malone will be paid a class representative award in the amount of $2,500.00 as set forth in Section 1.2.2(b) above. This payment will be made from the Gross Settlement Fund and will be issued on a Form 1099. This Agreement shall survive even if Plaintiffs' counsel fees are not approved or approved in a reduced amount.

**1.5.** **Taxes and Indemnification.** For tax reporting purposes, Defendants shall report 50% of settlement payments made to Plaintiffs as statutory employee earnings on a Form W-2 for statutory employees, which represents payment for alleged back pay and/or overtime due under the FLSA. The remaining 50% shall be designated as non-wage compensation. Plaintiffs will be responsible for reporting such amounts on their tax returns as applicable and paying any applicable taxes on such amounts. Defendants will be responsible for the employer portion of any payroll taxes.

**2. RELEASE**

**2.1.** **Named Plaintiff's Release of Claims.** For and in consideration of the mutual promises herein contained, and effective at such time as all payments required by this Settlement Agreement have been made, and by signing below, Named Plaintiff does hereby forever and fully release and discharge Defendants of and from any and all sums of money, accounts, claims, interests, demands, contracts, actions, debts, controversies, agreements, damages, losses, and causes of action, whatsoever, of whatever kind or nature, known or unknown, suspected or unsuspected, which he now owns, holds, has, or claims to own, hold, or have, and any future consequences and causes of actions therefor, arising from his (former) employment with Defendants or any of their parents and subsidiaries, from any and all wage and hour claims, misclassification claims, per diem claims, and/or any claims premised upon employment status, whether or not they were or could have been asserted in either case.

By way of example only (and without limitation), the Claims released by Named Plaintiff herein include: all claims under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Civil Rights Act of 1871, 42 U.S.C. §1981; the Civil Rights Act of 1991; Section 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.; the Americans with Disabilities Act, 29 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ et seq., the Equal Pay Act, 29 USC §§ 206(d) et seq; the Lilly Ledbetter Fair Pay Act of 2009 ("LLFPA"), 42 U.S.C. § 2000e–5(e)(3)(A); the Pennsylvania Minimum

FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FRE 408

Wage Act, the Pennsylvania Wage Payment and Collection Law, all other legally waivable claims under any federal, state or local statute, regulation, or ordinance, all claims based upon any express or implied contracts, all common law claims now or hereafter recognized, and all claims for relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties (including, but not limited to, late payment penalties, wage statement or other record keeping penalties, and meal or rest break penalties), wage deductions, spread of hours pay, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

**2.2**. **Opt-In Plaintiffs' Release of Claims:** By cashing or depositing the checks, Opt-In Plaintiffs are agreeing to waive all wage and/or overtime claims that were or could have been pursued in this action.

**2.3.** **Reversion.** Settlement monies for any Plaintiffs that do not cash or deposit the check containing the release language within 90 days of the date that it is mailed shall revert back to Defendants.

**2.4.** **Limitations.** The Releases contained above do not extend to enforcement of the obligations, terms, and covenants of this Settlement Agreement by either party. Further, the release of claims shall not affect any rights or claims of the parties that may arise after this Settlement Agreement is executed.

**3.** **REPRESENTATIONS AND WARRANTIES**

**3.1.** **Authority.** The signatories below represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties hereto (including all Plaintiffs) to the terms and conditions hereof.

**3.2.** **No Admission Of Liability**. This Settlement Agreement is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of correctness, liability, or responsibility on the part of any party. The Parties agree that they will never seek to introduce this Settlement Agreement as evidence of an admission of liability or an admission of any violation of any federal, state or local laws. Plaintiffs further acknowledge that through this Settlement, Defendants will not be deemed to admit or concede that collective action treatment is or was appropriate, or that Plaintiffs' claims have any merit. Rather, Defendants has denied and continue to deny, specifically and generally, the claims asserted in the Action and any and all liability or wrongdoing of any kind whatsoever associated with the facts or claims alleged in this Action, including that continued collective action treatment is appropriate.

**3.3.** **Advice Of Legal Counsel.** The advice of legal counsel has been obtained by all of the Parties prior to the execution of this Settlement Agreement. All of the Parties hereby execute this Settlement Agreement voluntarily and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims owed by the Parties to each other arising out of or connected with the matters specified herein. All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and

**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO FRE 408**

this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

  **3.4.** **Non-Assignment Of Claims.** Named Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action which he has or might have arising out of the matters referred to herein, nor any portion of any recovery or settlement to which he might be entitled, has been assigned or transferred to any other person other than Plaintiffs' Counsel, in any manner, including by way of subrogation or operation of law or otherwise. In the event that any claim, demand, or suit should be made or instituted against any of the Parties because of any such purported assignment, subrogation, or transfer, the other party agrees to indemnify and hold harmless the party subject to such an action against such claim, suit, or demand and to pay and satisfy any such claim, suit, or demand, including necessary expenses of investigation, actual attorneys' fees, and costs.

  **3.5** **Adequate Investigation Of Facts.** In making and executing this Settlement Agreement, the Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Settlement Agreement as they deem necessary, and they do not rely and have not relied upon any statement or representation, oral or written, made by any of the other Parties to this Settlement Agreement with regard to any of the facts involved in any dispute or possible dispute between any of the Parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Settlement Agreement.

  **3.6** **Understanding Of Agreement.** Each of the Parties has read and understands the contents of this Settlement Agreement and, if necessary, has had the same translated to ensure the same.

  **3.7** **Binding Upon Agents And Representatives**. Each and every term of this Settlement Agreement shall be binding upon the agents, representatives, insurers, employees, attorneys, heirs, administrators, executors, successors, and assigns of the respective Parties hereto and any parent, subsidiary, or affiliated entity of such Parties.

  **3.8** **Integration.** This Settlement Agreement constitutes the entire agreement between Plaintiffs, on the one hand, and Defendants, on the other hand, pertaining to the subject matter hereof, and further constitutes the final, complete, and exclusive expression of the terms and conditions of their agreement. Any and all prior agreements, representations, negotiations, and understandings, oral or written, express or implied, are hereby extinguished and merged herein.

  **3.9** **Cooperation.** The Parties hereto agree to execute any and all other documents and instruments in writing which may be reasonably necessary or proper to effectuate and carry out the purposes of this Settlement Agreement.

  **3.10** **Modifications In Writing.** The Parties agree that any modifications to this Settlement Agreement must be made in writing and must be executed by all of the Parties.

**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO FRE 408**

  **3.11**  <u>**Governing Law. This Agreement.**</u> This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania.

  **3.12**  <u>**Counterparts.**</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same written Settlement Agreement.

  **3.13**  <u>**Severability**</u>**.** If any provision of this Settlement Agreement is found by a proper authority to be unenforceable, that provision shall be severed and the remainder of the Settlement Agreement will remain in full force and effect.

**NAMED PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE HAS READ THIS SETTLEMENT AGREEMENT, HAS HAD THE OPPORTUNITY TO DISCUSS THE CONTENTS OF THIS SETTLEMENT AGREEMENT WITH HIS COUNSEL AND HAS DONE SO, THAT HE HAS ENTERED INTO THIS SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY, AND THAT HE HAS HAD THE OPPORTUNITY TO HAVE THE SETTLEMENT AGREEMENT TRANSLATED TO THE EXTENT HE DEEMS NECESSARY AND FULLY UNDERSTANDS IT.**

FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FRE 408

DATED: July  8 , 2020             **PIRAMAL CRITICAL CARE, INC.**

By: _____

Its: _____COO_____

DATED: July  8 , 2020             **MASIS STAFFING SOLUTIONS, LLC**

By: __Matthew Vaccaro_____

Its: ____President_____

DATED: July  4 , 2020             **CALLUM SAVAKUS-MALONE**

_____
Callum R Savakus-Malone (Jul 4, 2020 08:35 EDT)

4850-6616-6716, v. 3